# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2024.

_____

No. 3D23-1377
Lower Tribunal No. 21-5246
_____

**Great Lakes Insurance SE**,
Appellant,

vs.

**Alina Montenegro d/b/a Future Leaders Academy**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Law Offices of Clinton D. Flagg, P.A., and Clinton D. Flagg, for appellant.

Higgs Law, P.A., and Earl I. Higgs, Jr. (Orlando), for appellee.

Before FERNANDEZ, SCALES and MILLER, JJ.

On Confession of Error

PER CURIAM.

Appellant Great Lakes Insurance SE ("Great Lakes") appeals a non-final order granting appellee Alina Montenegro d/b/a Future Leaders Academy's ("Montenegro") motion to compel appraisal. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv).

Montenegro filed suit for breach of contract against Great Lakes on March 3, 2021. Great Lakes immediately moved to compel appraisal, and the trial court granted the motion. Montenegro moved for reconsideration. On November 22, 2021, the trial court entered an agreed order, granting Montenegro's motion for reconsideration, vacating the order granting Great Lakes's motion to compel appraisal, and providing Great Lakes twenty days to respond to Montenegro's complaint.

Great Lakes filed its answer and affirmative defenses, and the parties engaged in discovery. Then, mid-litigation, on May 1, 2023, Montenegro filed her own motion to compel appraisal. Great Lakes responded in opposition, asserting Montenegro had waived the contractual right to appraisal by actively participating in litigation. The trial court granted Montenegro's motion to compel appraisal, and Great Lakes timely appealed.

On appeal, Great Lakes raises only the issue of waiver. In response, and in lieu of filing an answer brief, Montenegro filed a confession of error.

Upon consideration of the record, and Montenegro's proper confession of error, we reverse the order granting appraisal entered below, and remand for further proceedings. See Heritage Prop. & Cas. Ins. Co. v. Superior Contracting & Env't Specialties, LLC, 314 So. 3d 743, 746 (Fla. 2d DCA 2021) ("Like the right to arbitration, or any other contractual right, a party may waive the right to demand an appraisal when the party's conduct is inconsistent with that right, such as participating in litigation."). Having acted inconsistently with her appraisal rights, Montenegro's confession of error is appropriate. See Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014) (noting "the primary focus [of the question of waiver of appraisal] is whether the [moving party] acted inconsistently with their appraisal rights").

Reversed and remanded.